United States Bankruptcy Court
Middle District of Florida
Jacksonville Division

IN RE:   SAMUEL VALDIVIA LOPEZ,

CASE NO.: 3:14-bk-_4910_

Debtor
_____/

## DEBTOR'S CHAPTER 13 PLAN

1. **Payments to the Trustee:** The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$1,895.07** during the term of the Plan.

2. **Plan Length:** The term of the plan is for 60 months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. §1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor.

c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, unless otherwise agreed by the creditor.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

**A. Administrative Expenses/ Priority Claims**

(1) Trustee's Fee: 10% of total payment.

(2) The following administrative, priority and arrearage claims shall be paid in the order listed at the rate of **$86.38** during the term of the Plan. Any remaining sums shall then be applied to the unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose liens have been voided.

| Creditor | Type of Claim | Allowed Amount |
|---|---|---|
| MICKLER & MICKLER<br>5452 Arlington Exp.<br>Jacksonville, FL 32211<br>Acct No.: Willis, Denise | Administrative | $3,283.00 |

| | | | |
|---|---|---|---|
| MICKLER & MICKLER<br>5452 Arlington Exp.<br>Jacksonville, FL 32211<br>Acct No.: LOPEZ,Samuel | Administrative<br>*Mortgage<br>Modification<br>Mediation* | $1,500.00 | |
| Watson Mortgage Corp.<br>6206 Atlantic Blvd., Ste. 1<br>Jacksonville, FL  32211<br>Acct No.: 0000002976 | Arrearage | $0.00  (*1) | |

**B. Secured Claims**

1. Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under 11 U.S.C. §506.  Each of the following secured claims shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Creditor | Collateral | Allowed Claim | Interest Rate | Payment | Total |
|---|---|---|---|---|---|
| TD Auto Finance<br>P O Box 9223<br>Farmington, MI<br>48333-9223<br>Acct. No.1100116074 | 2008 Cadillac Escalade with 100,020 miles | $22825.00 | 4% | $420.36 | $25,221.60 |

(b) Secured Claims Not Subject to Valuation Under 11 U.S.C. §506. Each of the following claims shall be paid through the plan as set forth below until the amount of the claim as set forth below has been paid in full.

| Creditor | Collateral | Allowed Claim | Interest Rate | Payment | Total |
|---|---|---|---|---|---|
| BMW Financial Services<br>5515 Parkcenter Circle<br>Dublin, OH 43017<br>Acct No.: 1001501212 | 2010 BMw 328i with 7290 miles | $14,042.00 | 4% | $258.60 | $15,516.00 |
| | | | | | |

(2) Secured Debts - Which Will Extend Beyond the Length of the Plan

| Creditor | Collateral | Monthly Payment | Total |
|---|---|---|---|
| Watson Mortgage Corp.<br>6206 Atlantic Blvd., Ste. 1<br>Jacksonville, FL  32211<br>Acct No.: 0000002976 | 1st mortgage for residence:<br>3047 Captiva Bluff Road<br>Jacksonville, FL 32226 | $940.23 (*2) | $56,413.80 |

**C. Unsecured Claims**

General Non-Priority Unsecured: Unsecured debts shall receive distribution as set in this plan and shall be paid pro rata in accordance with paragraph 4(A)(2) above.

5. The Debtor shall make regular payments directly to the following creditors:

| Creditor | Collateral | Monthly Payment | Total |
|---|---|---|---|
|  |  |  |  |

6. The following executory contracts of the debtor are rejected:

| Creditor | Collateral |
|---|---|
|  |  |

7. Property to Be Surrendered to Secured Creditor in full satisfaction of claim (property not subject to valuation under 11 U.S.C. §506(a):

| Creditor | Collateral |
|---|---|
|  |  |

8. Property to Be Surrendered to Secured Creditor for which the creditor shall be entitled to file a deficiency claim (property subject to valuation under 11 U.S.C. §506(a):

| Creditor | Collateral |
|---|---|
|  |  |

**D. MISCELLANEOUS PROVISIONS**

(1) Title to all property of the estate shall revest in the debtor upon Discharge of this plan.

(2) Any claims filed after the bar date shall receive no distribution under the Plan unless specifically provided for above.

(3) Each allowed secured claim shall retain its lien interest.

(4) Each allowed secured mortgage claim account shall be deemed current as of the date of confirmation for the purpose of requiring annual timely escrow account statements pursuant to the provisions of 24 C.F.R., §3500.17(I). This provision does not excuse the debtor from making the required payments under the terms of this Plan.

(5) Confirmation of the Plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor(s) to do all the following: (a) To apply the payments received from the Trustee on the pre-petition arrearage, if any,

only such arrearage. For purpose of the Plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this Case. (b) To deem the pre-petition arrearage as contractually current upon Confirmation of the Plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults. (c) To apply the direct post-petition monthly mortgage payments paid by Trustee or by the Debtors to the month in which each payment was designated to be made under the Plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account.

(6) Any mortgage lien holder who has established, or who will establish, an escrow account in connection with the mortgage loan shall (a) conduct an annual escrow analysis on the debtor's account; (b) notify the debtor and the Chapter 13 Trustee on an annual basis if there is an escrow account deficiency, stating the amount of such deficiency and the reason for the deficiency; (c) furnish the debtor and the Chapter 13 Trustee an annual escrow account statement that meets the requirements of 12 C.F.R., §3500.17(I). Any such escrow analysis must be performed in a timely manner so as to allow payment of taxes and insurance premiums at the discount provided by applicable State law.

Dated this 6th day of October, 2014.

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a copy of the foregoing was furnished to Douglas W. Neway, Chapter 13 Trustee, by CM/ECF electronic delivery, this 6th day of October, 2014.

Law Offices of Mickler & Mickler

By: _____
BRYAN K. MICKLER
Attorney for Debtor
5452 Arlington Expressway
Jacksonville, FL   32211
(904) 725-0822/FAX 725-0855
Florida Bar No. 091790

*1   All arrearage will be cured through the mortgage modification program.

*2   The payment represents thirty-one (31%) percent of the Debtor's gross income.

*3   The Debtor intends to confirm the Chapter 13 Plan with the any terms of a trial modification. In the event that a trial or permanent modifications are offered by the mortgage holder or servicer, or a trial or permanent modifications are denied, then the Debtor(s) will modify the Confirmed Plan to comply with any final determination as to a trial or permanent modifications within 30 days of being notified of any such decision by the mortgage holder/servicer.